UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID ROSENBERG,<br><br>Defendants. | No. 2:18-cv-1356 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1983. Plaintiff has not filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or paid the filing fee for this action.

In this case, plaintiff names a Yolo County Superior Court Judge as the defendant. (ECF No. 1 at 2.) It appears plaintiff is challenging the fact or duration of his confinement at San Quentin State Prison pursuant to a capital murder conviction. (ECF No. 1 at 2, 3.) Plaintiff was convicted in Alameda County, which is in the Northern District of California. People v. Bonilla, 41 Cal. 4th 313 (2007).

To the extent plaintiff is raising claims which would be cognizable in a habeas corpus action under 28 U.S.C. § 2254, courts in both the district of conviction and the district of confinement have concurrent jurisdiction over applications for habeas corpus filed by state prisoners. See 28 U.S.C. § 2241(d); see also Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973). In this case, because the county of conviction is located within the boundaries of the

| | |
|---|---|
| 1 | Northern District of California and because the place of incarceration is also located in the |
| 2 | Northern District of California, that court is the proper venue to hear the matter under § 2254. |
| 3 | To the extent the action is construed as a civil rights complaint under 42 U.S.C. § 1983, |
| 4 | the federal venue statute requires that the action be brought only in (1) a judicial district where |
| 5 | any defendant resides, if all defendants reside in the same State, (2) a judicial district in which |
| 6 | any defendant may be found, if there is no district in which the action may otherwise be brought. |
| 7 | See 28 U.S.C. § 1391(b). |
| 8 | Here, plaintiff is challenging the conditions of his confinement at San Quentin State |
| 9 | Prison, and the claim(s) arise in Marin County, which is within the boundaries of the United |
| 10 | States District Court for the Northern District of California. Therefore, plaintiff's claims should |
| 11 | have been filed in the United States District Court for the Northern District of California. In the |
| 12 | interest of justice, a federal court may transfer a complaint filed in the wrong district to the |
| 13 | correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. |
| 14 | 1974). |
| 15 | Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United |
| 16 | States District Court for the Northern District of California. |

Dated: July 10, 2018

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner.Civil.Rights/boni1356.trans